UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>LONG BEACH COURT,<br><br>    Defendant. | Case No. 25-cv-07736-JSC<br><br>**ORDER OF TRANSFER** |

Petitioner, a California prisoner proceeding without an attorney, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition challenges the validity of Petitioner's conviction in state court in Long Beach, California. (ECF No. 1 at 2-4.)

A petition for a writ of habeas corpus made by a person in custody under the judgment and sentence of a state court of a state which contains two or more federal judicial districts may be filed in either the district of confinement or the district of conviction. *See* 28 U.S.C. § 2241(d). Each of such districts shall have concurrent jurisdiction to entertain the petition; however, the district court for the district where the petition is filed may transfer the petition to the other district in the furtherance of justice. *See id.* Federal courts in California traditionally have chosen to hear petitions challenging a conviction or sentence in the district of conviction. *See Dannenberg v. Ingle*, 831 F. Supp. 767, 768 (N.D. Cal. 1993); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968); *see also* N.D. Cal. Habeas L.R. 2254-3(b) (mandating transfer to the district of conviction).

//

//

As Petitioner challenges the validity of his conviction, the proper venue for his petition is the district in which he was convicted. Long Beach is in Los Angeles County, which is located within the venue of the Central District of California. *See* 28 U.S.C. § 84(c). Accordingly, in the interest of justice, this case is TRANSFERRED to the United States District Court for the Central District of California.

The Clerk shall transfer this matter forthwith.

**IT IS SO ORDERED.**

Dated: October 28, 2025

JACQUELINE SCOTT CORLEY
United States District Judge